# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                    Case No. 07-Cr-061

GENE L. WADE,

      Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE LYNN ADELMAN AND ORDER

## NATURE OF CASE

On March 6, 2007, a federal grand jury sitting in this district returned a one-count indictment against defendant Gene L. Wade, charging him with being a convicted felon in possession of a weapon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). The defendant appeared for arraignment on May 1, 2007, and entered a plea of not guilty. Pursuant to the pretrial scheduling order, the defendant filed three motions. The defendant's motion to dismiss (Speedy trial) (Docket #3) and his motion for disclosure of the identity of the informant (Docket #9) will be addressed herein. The motion to suppress evidence (warrantless search) (Docket #10) will be addressed in a separate decision.

## MOTION TO DISMISS (SPEEDY TRIAL)

As grounds for his motion to dismiss, the defendant states that on January 30, 2007, he was charged in Milwaukee County Circuit Court with possessing a firearm as a convicted felon and was held on bail. On March 6, 2007, he was charged in a federal indictment with

being a felon in possession of a firearm, but no warrant apparently was issued. On April 3, 2007, the state charge was dismissed, but the defendant states that he remained in state custody and was not brought before the nearest available magistrate judge without unnecessary delay as required. Therefore, he requests dismissal of the indictment.

In opposing the motion, the government states that a warrant for the defendant's arrest was issued on March 7, 2007, but that because the defendant was in state custody at the time, the United States Marshal filed a detainer with the Milwaukee County Sheriff's Department. A copy of the detainer attached to the government's response indicates that it was received by the Milwaukee County House of Correction on March 7, 2007. See Government's Response to Defendant's Motion to Dismiss [Government's Response], Exh. A at 1. The government states that, according to the information obtained from the Sheriff's Department, the court did not communicate the dismissal to the Sheriff's Department and, therefore, the sheriff continued to hold the defendant. He was not released to the federal detainer.

Counsel for the government states that when she returned to the office on April 30, 2007, and became aware of the defendant's motion to dismiss inquiry was made to the United States Marshal's office. This inquiry resulted in the discovery of the error. The defendant then was released by the sheriff to the federal detainer and appeared in federal court the following day. Attorney Jeffrey Jensen represented the defendant in state court when his case was dismissed. (Government's Response, Exh. C at 2). The case was dismissed because the defendant had been federally indicted. Id. Attorney Jensen was appointed to represent the defendant in federal court on March 14, 2007. (Government's Response, Exh. D at 1).

- 2 -

Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure provides:

A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.

In this case, there is no indication that the defendant was arrested or in the custody of the United States until he was released to the United States Marshal on the federal detainer on about May 1, 2007. Prior to that time, he remained in the custody of the State of Wisconsin, although he should have been released once the state charges were dismissed. Thus, no violation of Fed. R. Crim. P. 5(a)(1)(A) occurred.

Similarly, there was no violation of the Speedy Trial Act, 18 U.S.C. §3161 et seq. The calculations for speedy trial purposes do not commence until the defendant has been arrested or served with a summons on federal charges. 18 U.S.C. §3161(b). Therefore, the defendant has provided no basis for dismissal of the indictment. Accordingly, the court will recommend that the defendant's motion to dismiss be denied.

## MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT

The defendant seeks an order requiring the identification of the confidential informant who allegedly observed him in possession of a firearm in his apartment within 14 days before January 25, 2007, the date the search warrant was issued. In the alternative, the defendant seeks disclosure of the entire statement made by the informant to the police officer who signed the affidavit in support of the warrant.

In support of his motion, the defendant submits his affidavit in which he asserts that the informant's claim as set forth in the warrant affidavit that he saw at least one firearm at the defendant's residence within 14 days prior to the application for the warrant is "impossible" since there was no weapon in the apartment to the defendant's knowledge. (Affidavit of Gene

- 3 -

Wade [Wade Aff.] ¶10).  The defendant further avers that the only way the informant could have seen a weapon in the apartment is if the informant brought in the weapon himself or herself without the defendant's knowledge.  Id.  The defendant also states that he cannot recall any person coming to his apartment during the relevant time who could have been the informant.  According to the defendant, the only person in the apartment during that period was his girlfriend.  Id.

The defendant acknowledges that the identity of a confidential informant is protected from disclosure, citing Roviaro v. United States, 353 U.S. 53, 59 (1957).  However, he points out that the court recognized an exception "where the disclosure of an informer's identity, or of the contents of his communication, are relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. . .."  (Defendant's Motion to Identify Confidential Informant [Defendant's Motion] at 4, citing Rovario, 353 U.S. at 60-61).  The defendant argues that he is unable to make the requisite preliminary showing of a false statement in the warrant affidavit without learning through discovery what the informant said.  Thus, he maintains that the informant's identity is necessary to the defense of his case.

The government opposes the motion, asserting that the informant is not a transactional witness and will not be called as a witness at trial.  Therefore, the government states that the informant's identity or his or her statement is not subject to disclosure.  The government also points out that the defendant's motion seeking the identity of the informant is essentially a motion pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and that the defendant has failed to make any preliminary showing that the affiant included a false statement in the affidavit either knowing and intentionally or with reckless disregard for the truth.

- 4 -

It is well-established that the government has a limited privilege to withhold the identity

of a confidential informant from disclosure. Roviaro v United States, 353 U.S. 53 (1957). "The

purpose of the privilege is the furtherance and protection of the public interest is effective law

enforcement." Id. at 59. The law regarding the disclosure of the identity of a confidential

informant was summarized in United States v. Andrus, 775 F.2d 825, 841-42 (7th Cir. 1985):

> In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957),
> the Supreme Court held that the government's refusal to provide the defendant
> with the name of a confidential informant who "had taken a material part in
> bringing about the possession of certain drugs by the accused, had been
> present with the accused at the occurrence of the alleged crime, and might be
> a material witness as to whether the accused knowingly transported the drugs
> as charged" infringed the defendant's right to due process of law. Id. at 55. To
> determine whether the government is required to disclose the identity of the
> informant, the court must balance the public interest in obtaining information
> necessary to apprehend those who have committed crimes against the
> defendant's interest in a fair trial. "Whether a proper balance renders
> nondisclosure erroneous must depend on the particular circumstances of each
> case, taking into consideration the crime charged, the possible defenses, the
> possible significance of the informer's testimony, and other relevant factors." Id.
> at 62. This court has held that Roviaro implied that the defendant must establish
> a genuine need for disclosure before disclosure should be ordered. United
> States v. Tucker, 552 F.2d 202, 209 (7th Cir. 1977). When the informant is a
> mere "tipster," rather than a participant or an eye witness to the event in
> question, disclosure will not be required. United States v. Lewis, 671 F.2d 1025,
> 1027 (7th Cir. 1982).

See also, United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001); United States v.

Valles, 41 F.3d 355, 358 (7th Cir. 1994). While a defendant can overcome the confidential

informant privilege by demonstrating a need for the information, he bears this burden in the

face of the assumption that the privilege should apply. Valles, 41 F.3d at 358; see also,

Jefferson, 252 F.3d at 941 (to overcome the limited privilege "a defendant must establish that

the disclosure of the informant's identity is either 'relevant and helpful' to his defense of

'essential to a fair determination of a cause.'" [quoting Roviaro, 353 U.S. at 60-61]); United

States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993) (defendant must establish that defendant "possesses a genuine need of informant disclosure that outweighs the public interest").

Here, the informant is not a transactional witness. Rather, the defendant states that he needs to know the identity of the informant so that he can challenge the information provided by the informant which was presented in the affidavit in support of the search warrant for his apartment. Thus, the defendant seeks the informant's identity so he can obtain a Franks hearing.

To obtain a hearing to explore the validity of a search warrant affidavit, "a defendant must make a 'substantial preliminary showing' that: (1) the affidavit contained a material false statement, (2) the affiant made the false statement intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to support the finding of probable cause." United States v. Maro, 272 F.3d 817, 821 (7th Cir. 2001) (quoting Franks, 434 U.S. at 155-56). These elements are difficult to prove and, therefore, Franks hearings are "rarely held." Id. (quoting United States v. Swanson, 210 F.3d 788, 790 [7th Cir. 2000]).

The focus of a Franks analysis is on the veracity of the affiant. See United States v. Radtke, 799 F.2d 298, 309 (7th Cir. 1986). Generally, "the fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit does not constitute a *Franks* violation. A *Franks* violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." United States. v. McAlister, 18 F.3d 1412, 1417 (7th Cir. 1994) (quoting United States v. Pritchard, 745 F.2d 1112, 1119 [7th Cir. 1984]). In Franks, the court explained that "the deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any non-governmental informant." 438 U.S. at 171.

- 6 -

In this case, the defendant does not assert that the affiant was lying or recklessly disregarding the truth in the search warrant affidavit. Rather, his focus is on the veracity of the informant who stated that he saw a weapon in the defendant's apartment. The defendant has not made a substantial preliminary showing that the informant was acting as an agent of the government when he provided the allegedly false information to the affiant. See United States v. McAlister, 18 F.3d 1412, 1417 (7th Cir. 1994) (the burden is on the defendant to produce evidence to establish that the informant was acting as a government agent in the particular case at the time in question); see also, United States v. Koenig, 856 F.2d 843, 847 (7th Cir. 1988).

Since the informant is not a transactional witness, based on the defendant's contentions, the informant's identification is not subject to disclosure in this case. Even if the identity of the confidential informant was disclosed to the defendant, the defendant's challenge to the veracity of the informant would not provide a basis to challenge the search warrant affidavit. See McAllister, 18 F.3d at 1417. The defendant's conclusory assertion that he needs to know the informant's identity is insufficient to overcome the government's limited privilege to withhold the informant's identity from disclosure. See Roviaro, 353 U.S. 53 (1957). Accordingly, the defendant's motion for disclosure of the identity of the confidential informant will be denied.

**CONCLUSION**

**NOW, THEREFORE, IT IS RECOMMENDED** that the United States district judge enter an order **denying** defendant Wade's motion to dismiss (speedy trial). (Docket #3).

- 7 -

**IT IS ORDERED** that defendant Wade's motion to identify confidential informant be and hereby is **denied**. (Docket #9).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 19th day of June, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge