# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                                  **Case No. 07-CR-61**

**GENE WADE**
       **Defendant.**

## DECISION AND ORDER

The government charged defendant Gene Wade with possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1). The government further alleged that, based on three prior convictions for crimes of violence and/or controlled substance offenses, defendant qualified as an Armed Career Criminal subject to a mandatory fifteen year prison sentence. See 18 U.S.C. § 924(e).

The magistrate judge initially detained defendant but later allowed his release on $5000 cash and other conditions including electronic monitoring. The government appealed the release order, see 18 U.S.C. § 3145(a), and I granted a temporary stay to permit resolution of the appeal. Although my review of a release order under § 3145 is de novo, United States v. Portes, 786 F.2d 758, 761 (7th Cir. 1985), the parties agreed that I may resolve the appeal based on the written submissions without holding a new hearing, see United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991) (stating that district court may under § 3145 hold a de novo hearing or review the record made before magistrate judge).

## I. BAIL STANDARD

A defendant charged with an offense may be (1) released on personal recognizance, (2) released on conditions, (3) temporarily detained to permit revocation of conditional release or (4) detained. 18 U.S.C. §§ 3142(a) & (e). Release may be denied only if the court finds that there are no conditions that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). Further, the court's authority to order detention without bail is limited to the following situations: (1) cases involving crimes of violence with a statutory maximum of ten years or more, § 3142(f)(1)(A); (2) cases involving an offense carrying a maximum sentence of life imprisonment or death, § 3142(f)(1)(B); (3) cases involving drug offenses carrying maximum sentences of ten years or more, § 3142(f)(1)(C); (4) cases involving a felony if the defendant has two or more prior convictions for crimes falling in categories (1) – (3), § 3142(f)(1)(D); (5) cases involving minor victims or the use or possession of a firearm, § 3142(f)(1)(E); (6) cases involving a serious risk that the defendant will flee, § 3142(f)(2)(A); and (7) cases involving a serious risk that the defendant will obstruct justice, or intimidate witnesses or jurors, § 3142(f)(2)(B). See United States v. Holmes, 438 F. Supp. 2d 1340, 1342 (S.D. Fla. 2005) (discussing the six situations then permitting detention); see also United States v. Lemoine, 450 F. Supp. 2d 99, 100 n.3 (D. Me. 2006) (discussing the addition of § 3142(f)(1)(E) in the Adam Walsh Child Protection and Safety Act of 2006). Certain offenses, such as drug offenses for which the maximum penalty is ten years or more, or firearm offenses under 18 U.S.C. § 924(c), create a rebuttable presumption that no conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(e).

2

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

In the present case, defendant is charged with an offense that permits detention, § 3142(f)(1)(E), but which carries no presumption that he be detained. When the government asserts that a defendant must be detained because he is dangerous, it bears the burden of proving "by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community." Portes, 786 F.2d at 764. When the government claims that a defendant must be detained as a flight risk, it bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure his appearance in court. Id. at 765.

## II. BACKGROUND

**A.    The Offense**

According to the government, on January 27, 2007, police officers executed a search warrant at defendant's apartment. Defendant and two women were present at the time, but defendant told the officers that he was the only one who lived there. In the main bedroom, officers located a loaded .357 handgun hidden in the dead space on the floor beneath the drawer of a dresser. Officers also recovered a pill bottle for a prescription in defendant's name near the gun, which contained ammunition. Officers further recovered

3

defendant's wallet and identification in the bedroom, and a utility bill for the apartment in defendant's name in the kitchen. Finally, the government indicates that officers located evidence of drug activity in the apartment, including a digital scale and baggies with missing corners.[1] The government contends that the evidence against defendant is strong.

Defendant points to problems in the execution of the search, including the officers' initial attempt to enter the wrong building and their mid-search amendment and re-submission of the warrant affidavit to correct the address.[2] He further points to problems in the government's proof, including the presence of one of the women in the bedroom where the gun was found and the absence of the pill bottle from any of the photos of the gun where it was supposedly found. Defendant made no statement as to his ownership or possession of the gun.

**B.    Defendant's History**

According to the pre-trial services report, defendant is fifty years old and a life-long resident of Milwaukee. For the twenty months preceding his arrest, he lived alone at 1735 West Atkinson Street, Apartment 1, in Milwaukee. Defendant has never been married but has ten children with five different women. All of his children (and four grandchildren) live in Milwaukee. The pre-trial services office confirmed defendant's social information with a former girlfriend and the mother of five of defendant's children, who indicated that defendant had been doing well in the recent past and getting along with his children.

Defendant has been unemployed and receiving social security disability benefits

---

[1] Defendant has not been charged with any drug-related offenses.

[2] Defendant has pending a motion to suppress.

since 2003 based on back and knee problems. He reported previous employment as a cook. Defendant further reported a long history of alcohol and cocaine use but indicated that he was clean for the past nine years. A urine sample tested negative for controlled substances.

According to the report, defendant has a criminal record dating back over thirty years, including convictions for operating a motor vehicle without owner's consent and burglary in 1976, possession of a controlled substance and carrying a concealed weapon in 1986, robbery in 1990, escape in 1997, possession of marijuana – second offense in 1997, and delivery of cocaine in 1999. The government also points to several entries for "failure to appear" on his record.

Defendant admits his checkered past but notes that his last conviction was in 1999. He further notes that he is disabled and walks with a cane. He recently settled a lawsuit and as a result has $5000 to post, which represents all the money he has.

### III. DISCUSSION

Under all of the circumstances, I agree with the magistrate judge that there are conditions of release that will reasonably assure defendant's appearance and the safety of the community. The alleged crime is no doubt serious, as it involves a firearm. See 18 U.S.C. § 3142(g)(1). However, there is no evidence that defendant intended any specific harm with the firearm; it was found hidden in his apartment; he was not carrying it on the streets or in his car.

The parties dispute the strength of the evidence, and defendant indicates that the case may go away if he prevails on his motion to suppress. However, the lawyers' spin on the evidence is often the least important of the § 3142(g) factors. United States v.

5

Hammond, 204 F. Supp. 2d 1157, 1165 (E.D. Wis. 2002) (citing United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985)). For present purposes, it is sufficient to say that defendant has possible defenses to the case that appear to be worth litigating, which may make it less likely that he will flee if released.[3]

As the government notes, defendant does have a substantial record. However, he has no convictions in this decade.[4] Nor does he appear to currently have a substance abuse problem. He does appear to have significant health problems, which limit his mobility and thus his ability to flee or endanger the public. Aside from the $5000 he proposes to post, he has no funds or other means to fund flight, and all of his family appear to reside in the Milwaukee area; so far as the record shows, he has no one outside the district to assist him in flight. Further, the government points to no specific danger if defendant were released, just the general threat of recidivism.

Finally, the magistrate judge imposed strict conditions, including home confinement on electronic monitoring (which had to be established before release), reporting to pre-trial services and random drug testing. These conditions will ameliorate any risk of flight or

---

[3] The government notes that defendant faces substantial penalties if convicted: a minimum of fifteen years in prison under the statute and a guideline range of 235-293 months (without acceptance of responsibility). However, while the severity of the punishment is a relevant factor, the length of the possible sentence alone is insufficient to deny bail. See, e.g., United States v. Friedman, 837 F.2d 48, 50 (2d Cir. 1988) ("[W]e have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight."). The mere opportunity or incentive to flee is insufficient to deny release, and § 3142 does not seek ironclad guarantees that the defendant will stick around. United States v. Chen, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (citing Portes, 786 F.2d at 764 n.7).

[4] Defendant was most recently released from prison in 2002. The most recent "failure to appear" entry is from January 1997.

6

danger defendant may pose. See Hammond, 204 F. Supp. 2d at 1165 (citing United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990) (finding that electronic monitoring and other strict conditions permitted release).

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion for review of the release order is **DENIED**, and the magistrate judge's release order is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7