# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                                  **Case No. 07-CR-61**

**GENE WADE**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Gene Wade with possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), based on the seizure of a gun from his residence pursuant to a search warrant. The warrant application was based on the statement of a confidential informant, who stated that within the previous fourteen days s/he observed at least one firearm inside defendant's residence.

Defendant moved for identification of the informant, and the government opposed disclosure. The magistrate judge to whom the motion was referred denied it, and defendant objects. Because this is a non-dispositive motion upon which the magistrate judge may rule directly, I may reverse her decision only if it is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

### I. STANDARD FOR INFORMANT DISCLOSURE

The government enjoys a limited privilege to withhold the identity of an informant. Roviaro v. United States, 353 U.S. 53, 59 (1957). The privilege will give way if the defendant shows that "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of

a cause." Id. at 60-61. In determining whether to order disclosure of an informant, the "court must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" United States v. Jefferson, 252 F.3d 937, 940-41 (7th Cir. 2001) (quoting Roviaro, 353 U.S. at 62). When the informant is a mere tipster, as opposed to a participant in the criminal activity (i.e., a transactional witness), the government generally need not disclose his identity. See United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993).

## II. DISCUSSION

In an affidavit in support of his motion for disclosure, defendant stated that it is impossible an informant saw any firearm in his apartment in the two weeks prior to the search. He further stated that he did not recall any person being inside his apartment during that time who could possibly be an informant. He claimed that without the identity of the informant, he could not mount a challenge to the search warrant.

Relying on the government's representation that the informant is not a transactional witness and will not be called to testify at trial, the magistrate judge denied defendant's request for disclosure under Roviaro. The magistrate judge further noted that challenges to a search warrant under Franks v. Delaware, 438 U.S. 154 (1978)[1] focus on the veracity of the affiant, not any informant who provides the affiant with information. See United States v. McAllister, 18 F.3d 1412, 1417 (7th Cir. 1994) ("Generally, the fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a Franks violation.") (internal quote marks omitted). Because defendant made no showing that the officer who applied for the warrant in this case recklessly or deliberately included false information, or that the

---

[1] Franks described the method by which a defendant may challenge a warrant obtained based on false information.

2

informant was acting as a government agent when s/he provided the information, the magistrate judge also denied the request under Franks.

I find no clear error in the magistrate judge's ruling. The magistrate judge identified the correct legal standards from Roviaro and its progeny and reasonably applied them to the facts of the case.

In his objections, defendant argues that the informant is a transactional witness. He notes that the officers found the gun in a dead space beneath a dresser in his apartment; no officer saw him in direct possession. Therefore, he states that the issue for trial will be constructive possession of the firearm. He contends that the informant's testimony concerning where the firearm was inside the apartment and who had control over it when s/he saw it would be relevant to the issue of constructive possession. He states that the testimony could be exculpatory if the informant did not see him exercise control over the gun or saw someone else handle it.

This sort of speculation is insufficient under Roviaro. See Dole v. Local 1942, Int'l Bhd. of Elec. Workers, 870 F.2d 368, 373 (7th Cir. 1989) (stating that bare speculation that the information may possibly prove useful will not overcome the privilege); United States v. Grisham, 748 F.2d 460, 463-64 (8th Cir. 1984) (holding that sheer speculation that the informant's testimony may be material and excupatory is insufficient to meet the defendant's burden); United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981) (stating that speculation that an informant might have exculpatory evidence is insufficient). There is no basis in the record for believing that the informant will provide exculpatory testimony in this case. In the warrant application, the informant related that within the past fourteen days s/he observed at least one firearm inside the residence. S/he further stated that s/he saw defendant armed with a semi-

3

automatic rifle and a black semi-automatic pistol inside the residence. (Def.'s Mot. to Suppress Ex. 2 at 2 ¶ 4.) Defendant offers no basis for concluding that the informant will now offer testimony that defendant did not handle the firearm or that someone else did. Therefore, defendant has failed to demonstrate that disclosure is appropriate under Roviaro.

Defendant also contends in his objections that testimony from the hearing on his motion to suppress casts further doubt on the informant's veracity. At the hearing, the affiant, officer Timothy Bandt, testified that he went to defendant's building with the informant, the informant pointed out defendant's apartment, and Bandt wrote down the address based on the informant's indication. Defendant notes that when the officers attempted to execute the warrant at the address Bandt wrote down they found they were at the wrong door. Defendant asks how the informant could not know which door led upstairs to his apartment if s/he had actually been inside.

As explained in greater detail in my decision denying defendant's motion to suppress, defendant's building has three exterior doors on the same wall. Defendant's apartment is on the second floor, above the door marked 1731, but the door allowing admission to the apartment is marked 1735. When they attempted to execute the warrant, the officers initially tried to enter the door marked 1731 until they were directed by a citizen to the correct door, 1735. I fail to see how these facts strengthen defendant's argument. They create no inference that Bandt lied in the warrant application,[2] and courts have generally rejected claims that disclosure of an informant is appropriate to assist in mounting a Franks challenge. See, e.g.,

---

[2]Indeed, they create no inference that the informant lied. Defendant's apartment is located directly above the door marked 1731. I see nothing nefarious in Bandt writing down the address as 1731 based on the informant's indication of the location of the apartment.

4

United States v. Hornick, 815 F.2d 1156, 1158 (7th Cir. 1987); see also McCray v. Illinois, 386 U.S. 300, 311 (1967) (noting that Roviaro dealt with disclosure for use at trial and that federal officers need not disclose an informer's identity in applying for an arrest or search warrant).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's objection to the magistrate judge's ruling on his motion for informant disclosure is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge